**Harmanto TANUSANTOSO, Wiwik Widayati, Petitioners,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–4878–ag.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

H. Raymond Fasano, New York, NY, for Petitioners.

Rodger A Heaton, United States Attorney for the Central District of Illinois, Hilary W. Frooman, Assistant United

**22**

States Attorney, Urbana, IL, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioners Harmanto Tanusantoso and Wiwik Widayati, natives and citizens of Indonesia, seek review of an August 16, 2004 order of the BIA denying their motion to reopen their removal proceedings. *In re Harmanto Tanusantoso, Wikik Widayati*, Nos. A 79 304 218, A 79 304 219 (B.I.A. Aug. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). In order to prevail on an ineffective assistance of counsel claim, a petitioner must show *prima facie* eligibility for relief and that his case was prejudiced by his former counsel's representation. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). Tanusantoso's asylum claim was denied due to his untimely filing and failure to demonstrate an exception to the one-year filing deadline. He did not retain counsel until after the deadline had run, so the untimeliness of the petition cannot be attributed to counsel. He has submitted no other facts or arguments that his former counsel could have presented in order to overcome this bar to asylum. Tanusantoso's claims for withholding of removal and relief under the Convention Against Torture ("CAT") were denied for failure to demonstrate that he would more likely than not be persecuted or tortured in Indonesia. He claims that his former counsel failed to timely submit background reports supporting his fear of harm, but he has not explained how these reports could have bolstered his claims. Widayati claims that she would have filed her own application for relief but for former counsel's failure to advise her to do so. However, Widayati fails to demonstrate *prima facie* eligibility for relief or any reason to conclude that her application would have been timely. She offers no additional facts or arguments by which she could have overcome the one-year filing deadline for asylum applications; the background materials do not indicate that she faced any greater likelihood of harm than her husband for having converted from Islam to Christianity. Therefore, because neither petitioner has demonstrated *prima facie* eligibility for asylum, withholding, or CAT relief or shown that their claims were prejudiced by former counsel's representation, the BIA did not abuse its discretion in denying petitioners' ineffective assistance claim for lack of prejudice. *See Rabiu*, 41 F.3d at 882.

 Additionally, the BIA did not abuse its discretion in finding that the evidence of conditions in Indonesia published after January 2003 failed to support a reasonable likelihood of persecution or torture in Indonesia. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *INS v. Cardoza–Fonseca*, 480 U.S. 421, 440–42, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The State Department's *International Religious Freedom Report, 2003 (Indonesia)*, which petitioners proffered in support of their motion, indicates that the violence between Christians and Muslims is generally limited to the Malukus and Sulawesi, where a 2002 cease-fire agreement has, for the most part, maintained order. There is no indication that the petitioners would likely be subject to such violence in Java, where Tanusantoso's fam-

ily continues to reside. The remaining previously unavailable reports tendered by the petitioners focus on the status of persons characterized as leaders of "Islamic militant groups." Petitioners fail to indicate how these reports bear on the treatment of Christians in Indonesia in general or Java in particular. Therefore, we cannot conclude that the BIA abused its discretion in finding that these reports did not support petitioners' motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we deny as moot the pending motion for a stay of removal in this petition.